**BEAUMONT WHARF & TERMINAL CO. v. McFADDIN. (No. 6908.)**

(Court of Civil Appeals of Texas. Galveston. May 26, 1915. Rehearing Denied June 30, 1915.)

ADVERSE POSSESSION ⬤=57 — FIVE-YEAR STATUTE—EVIDENCE OF OCCUPANCY.

Evidence in trespass to try title *held* to warrant a finding of continuous occupancy by defendant, through tenants, for such time as to complete the bar of the five-year statute.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 277, 278, 655, 667, 687; Dec. Dig. ⬤=57.]

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by the Beaumont Wharf & Terminal Company against W. P. H. McFaddin. Judgment for defendant, and plaintiff appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and F. J. & C. T. Duff, of Beaumont, for appellant. Greer, Nall & Bowers, of Beaumont, for appellee.

McMEANS, J. The Beaumont Wharf & Terminal Company brought this suit against W. P. H. McFaddin in trespass to try title for the recovery of four acres of land in the city of Beaumont. The defendant answered by general denial, plea of not guilty, and by special pleas of the statute of limitations of three, five, and ten years. A trial before a jury resulted in a verdict and judgment for defendant, and plaintiff has appealed.

It was admitted upon the trial that the record title was in plaintiff; and that it was

entitled to recover the land unless the defendant had acquired the title thereto under the statute of limitation of five years. The only question raised by appellant's assignments of error going to the merits of the case that we shall discuss is whether the evidence is sufficient to warrant the finding in favor of defendant on the issue of title under the statute of limitation of five years. The evidence in the record justified the following fact conclusions:

McFaddin purchased the land in controversy in January, 1903, and his deed was regular and at once duly recorded. Thereafter he paid all taxes on the land each year up to the filing of this suit, which was on September 20, 1910. In April, 1903, he inclosed a tract of about 20 acres, which included the 4 acres in controversy; the inclosure being made in part by a new fence then constructed, and by joining the same to other fences existing on some of the boundary lines. The inclosure thus made was, with the exception of a few immaterial intervals, continuously kept up by McFaddin and his tenants up to the trial. While the evidence as to actual occupancy of the inclosed land is not as clear as it might be, we think it was sufficiently so to raise the issue of actual adverse possession of McFaddin for a period longer than five years before the filing of the suit, and in deference to the verdict of the jury we so find. On this issue it was shown by the testimony of McFaddin that after he inclosed the land in April, 1903, he permitted the owner of horses to use the land for a pasture, and that afterwards he permitted another party to use it for pasturage of beef cattle. Just how long each of these persons so used it is not shown by his testimony, nor is it shown what interval of time elapsed between the leaving of the one and the coming of the other of these tenants. It was shown that in spring or early summer of 1905, McFaddin leased the inclosed land to one B. J. Andrus, and that Andrus used it for a pasture; that when Andrus went upon the land he built a dwelling house upon it, and lived therein; that when he went out of possession McFaddin permitted a negro to take possession, and that the negro lived in the house and also used the inclosed land for a pasture; and that when the negro left McFaddin leased it in the fall of 1907 to one Allen Smart, who immediately took possession and used the inclosed land for pasture up to the time of filing this suit. Smart testified:

"I worked for the Wilson Hardware Company four years before I began pasturing cattle on this land in 1907, and during that four years old man Andrus and those people were using that land. They continued using it, and were using it, during the time I was working for the Wilson Hardware Company. After they left, I used the pasture, and pastured cattle for Mr. McFaddin."

We think that this testimony warranted the finding that the land had been continuously occupied by the tenants of McFaddin for four years prior to its occupancy by Smart in 1907, and the evidence leaves us in no doubt that Smart continuously thereafter occupied it for such length of time as to complete the bar of the five-year statute of limitations, and that therefore the verdict and judgment in favor of McFaddin for the title and possession was properly returned and entered.

The remarks of counsel for appellee, which are complained of by appellant, are not shown to have been upon any material issue involved upon the trial, and, even if improper, we cannot say that they probably caused the rendition of an improper judgment.

The charge of the court is full and fair, as applicable to the facts proved, and it is our opinion that there was no error in the charge in the respects complained of by appellant in its assignment of error, or that the court erred in refusing to give the special charges requested by appellant, as complained in other assignments.

We are of the opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.